```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Stanley Rohlehr,

                    Plaintiff,              CV-03-3576 (CPS)

        - against -                          MEMORANDUM
                                             OPINION AND ORDER
Brookdale University Hospital and
Medical Center,
                    Defendant.

----------------------------------------X
```

SIFTON, Senior Judge.

Stanley Rohlehr brings this action against Brookdale University Hospital and Medical Center ("the Hospital") alleging the following claims for relief: 1) termination of employment in violation of New York Labor Law § 740; 2) termination of employment in violation of the defendant's employee handbook; 3) termination of employment in violation of The Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)[1]; and 4) termination of employment in violation of the public policy of the State of New York. Presently before the Court is the Hospital's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, the motions is granted.

## Background

The following facts are drawn from the submissions of the

---

[1] The complaint cites "29 U.S.C. § 215(3)," a non-existent statutory provision. Because the complaint refers to this provision as the "Federal Whistleblower Statute," the intended citation is apparently 29 U.S.C. § 215(a)(3).

defendant.  Rohlehr has submitted no Local Rule 56.1 statement, and has instead offered only an attorney affidavit.  Affidavits in opposition to summary judgment must be made on personal knowledge.  FED. R. CIV. PRO. 56(e).  An attorney affidavit does not meet this standard and is insufficient to defeat a summary judgment motion.  *Batro v. Am. Permalight, Inc.*, 03 Civ. 8960, 2004 WL 2601120, at n.25 (S.D.N.Y. Nov. 16, 2004); *AFL-CIO Hosp. & Nursing Home Council Pension Fund v. Manor Oaks Skilled Nursing Facilities, Inc.*, 01-CV-99, 2004 WL 1737189 (W.D.N.Y. July 29, 2004).  Accordingly, facts recited in the defendant's Rule 56.1 statement are deemed admitted, to the extent they are supported by citation to admissible evidence.  *See Concepcion v. Nice Park Prod., Inc.*, 03 Civ. 1894, 2004 WL 1810552 (S.D.N.Y. Aug. 13, 2004).

The Hospital hired Rohlehr as a file clerk on May 15, 1974.  On December 18, 1998, he filed a complaint with the National Labor Relations Board ("NLRB") alleging that the Hospital had threatened to closely monitor his job performance due to his union activities.  Following the filing of this complaint, Rohlehr received numerous disciplinary notices for threatening his coworkers, being argumentative, disorderly conduct, failing to supervise, and failing to follow a directives.  In May of 2002, a patient of Dr. George Rettagliata complained to Rohlehr's supervisors about his unprofessional manner.

On September 19, 2001, the administrative law judge ruled in Rohlehr's favor.  In November 2001, Rohlehr was placed on

probation, and on July 25, 2002, he was terminated. Rohlehr filed a subsequent complaint with the NLRB alleging that he was terminated in retaliation for filing his previous complaint.

The NLRB dismissed the complaint, concluding that the termination was due to Rohlehr's unsatisfactory job performance. Alvin Blyer, regional NLRB director, stated in a letter to Rohlehr that his termination was due to several complaints about his performance from the public and his failure to comply with certain Hospital policies.

On July 25, 2004, Rohlehr commenced this action.

Discussion

Summary judgment is appropriate "[w]hen the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Rule 56 of the Federal Rules of Civil Procedure provides "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." FED. R. CIV. PRO. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Elec. Inspectors, Inc. v. Vill. of E. Hills*, 320 F.3d 110, 117 (2d Cir. 2003). A fact is material when it "might affect the outcome of the suit under the governing law." *Id.*

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *Apex Oil Co. v. DiMauro*, 822 F.2d 246, 252 (2d Cir. 1987). In order to defeat such a motion, the non-moving party must raise a genuine issue of material fact. Although all facts and inferences therefrom are to be construed in the light most favorable to the non-moving party, the non-moving party must raise more than a metaphysical doubt as to the material facts. *See Matsushita*, 475 U.S. at 586; *Harlen Assoc. v. Vill. of Mineola*, 273 F.3d 494, 498 (2d Cir. 2001). The non-moving party may not rely on conclusory allegations or unsubstantiated speculation. *Twin Labs., Inc., v. Weider Health & Fitness*, 900 F.2d 566, 568 (2d Cir. 1990). Rather, the non-moving party must produce more than a scintilla of admissible evidence that supports the pleadings. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289-90 (1968); *Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir. 2003).

The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

The failure to file opposition by itself does not justify the granting of summary judgment. *Vt. Teddy Bear Co., Inc. v. 1-*

*800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). A court must first examine the moving party's submissions to determine whether he has met the burden of demonstrating that no material issue of fact remains for trial. *Id.* Summary judgment may be denied even if no opposing evidentiary matter is submitted. *Id.* The Court is satisfied that the Hospital has met this burden, in large part because the disposition of this motion turns predominantly on the facial insufficiency of the complaint.

New York Labor Law § 740 Claim

New York Labor Law § 740 provides in part:

An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:

(a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety;
(b) provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any such violation of a law, rule or regulation by such employer; or
(c) objects to, or refuses to participate in any such activity, policy or practice in violation of a law, rule or regulation.

Defendants correctly contend that Rohlehr's complaint fails to state a claim upon which relief can be granted because § 740 "is triggered only by a violation of a law, rule or regulation that creates and presents a substantial and specific danger to the public health and safety." *Remba v. Fed'n Empl. & Guidance Servs.*, 76 N.Y.2d 801 (N.Y. 1990). The complaint alleges that Rohlehr was retaliated against for asserting his right to engage in union activities. He does not allege that the Hospital

violated any law, rule or regulation designed to protect public health or safety, or that the Hospital's retaliation against him posed such a threat. *Cf. Vail-Ballou Press, Inc. v. Tomasky*, 266 A.D.2d 662 (N.Y. App. Div. 1999) (retaliation for complaint to NLRB against union for failing to negotiate over a worker's compensation pilot program not actionable under N.Y. Labor Law § 740 because such a complaint does not pertain to public health and safety). Therefore, summary judgment for the Hospital on Rohlehr's New York labor law claim is appropriate.

<u>Termination in Violation of Employee Handbook</u>

Defendants contend that Rohlehr's claim of termination in violation of the employee handbook must be dismissed because the commencement of an action pursuant to New York Labor Law § 740 constitutes a waiver of any claim based on a collective bargaining agreement or employee contract.

New York Labor Law § 740(7) provides:

> Nothing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any other law or regulation or under any collective bargaining agreement or employment contract; except that the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law.

Courts have interpreted this provision to mean that when a plaintiff commences an action asserting a claim for relief pursuant to § 740, he waives all claims that arise out of the

same retaliatory action on which the § 740 claim is based.[2]  *See Nicholls v. Brookdale Univ. Hosp.*, 03-CV-6233, 2004 WL 1533831 (E.D.N.Y. July 9, 2004); *Bordan v. N. Shore Univ. Hosp.*, 275 A.D.2d 335, 336 (N.Y. App. Div. 2000) (breach of contract claim dismissed as arising from same facts as § 740 claim).

Nor does dismissal of the § 740 claim revive Rohlehr's breach of contract claim.  *See Nicholls*, 2004 WL 1533831.  Dismissal of the § 740 claim "does not negate the section 740(7) waiver."  *Id.*  This result has been described as "harsh, but not . . . absurd."  *Id*.  Because Rohlehr waived his contract claim by instituting a § 740 claim, dismissal is required.[3]

Even if dismissal were not required, employee handbook does not create a contractual right to employment.  To succeed on a breach of contract claim arising from termination in violation of an employee handbook, a plaintiff must show that the employer had an express written policy limiting the right of discharge and the plaintiff detrimentally relied on that policy in accepting employment.  *Goldberg v. Four Seasons Nursing and Rehab. Cent.*, 6 Misc. 3d 1004 (N.Y. Sup. Ct. 2004).  The employee handbook submitted by the Hospital is prefaced with the instruction that

---

[2] Defendants do not argue that by asserting a New York Labor Law § 740 claim, Rohlehr waived his federal claims.

[3] To mitigate this harshness, plaintiffs in Rohlehr's position have been permitted to withdraw the § 740 claim by amendment, which is deemed to be a failure to file the claim, thereby permitting the plaintiff to pursue the contract claim. *Nicholls, supra*.  New York state courts have, however, rejected this position and view the waiver as absolute.  *See Owitz v. Beth Israel Med. Cent.*, 781 N.Y.S.2d 626 (N.Y. Sup. Ct. 2004).

it "does not either directly or indirectly constitute an employment contract" and that it is "subject to change at any time." (Def. Ex. E.)

Fair Labor Standards Act Claim

The Fair Labor Standards Act makes it unlawful

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3). The plain language of this section "limits the cause of action to retaliation for filing formal complaints "under or related to" the Fair Labor Standards Act.

Defendants correctly note that the complaint does not allege that any of Rohlehr's complaints to the NLRB pertained to the Fair Labor Standards Act. Rohlehr's complaint to the NLRB alleged violations of section 8(a)(1) of the National Labor Relations Act. Because Rohlehr's complaint did not relate to the Fair Labor Standards Act, the claim must be dismissed.

Termination in Violation of New York Public Policy

New York does not recognize a common law cause of action for abusive discharge. *Murphy v. Am. Home Prod. Corp.*, 58 N.Y.2d 293 (N.Y. 1983). Nor is there an exception based on the general notion of public policy. *Wider v. Skala*, 544 N.Y.S.2d 971 (N.Y. Sup. Ct. 1989); *see Horn v. N. Y. Times*, 100 N.Y.2d 85 (N.Y. 2003). Accordingly, Rohlehr's claim of discharge in violation of

New York public policy must be dismissed.

## Conclusion

For the foregoing reasons, the motion for summary judgment is granted.

The Clerk is directed to furnish a filed copy to all parties and the magistrate judge, and to enter judgment dismissing the complaint.

SO ORDERED

Dated:   Brooklyn, New York

June 19, 2005

By: /s/ Charles P. Sifton (electronically signed)
    United States District Judge