```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Stanley Rohlehr,

                Plaintiff,              CV-03-3576 (CPS)

        - against -                     MEMORANDUM
                                        OPINION AND ORDER
Brookdale University Hospital and
Medical Center,
                Defendant.

----------------------------------------X
```

SIFTON, Senior Judge.

In 2003, Stanley Rohlehr brought an action against Brookdale University Hospital and Medical Center (the "Hospital") alleging 1) termination of employment in violation of New York Labor Law § 740; 2) termination of employment in violation of the defendant's employee handbook; 3) termination of employment in violation of The Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)[1]; and 4) termination of employment in violation of the public policy of the State of New York. This Court granted summary judgment for defendant in June 2005. Now before this Court are plaintiff's motions for reconsideration and for leave to file an amended complaint. For the reasons the follow, these motions are denied.

## Background

The following facts are drawn from the submissions of the

---

[1] The complaint cites "29 U.S.C. § 215(3)." Because the complaint refers to this provision as the "Federal Whistleblower Statute," I assume the intended citation is 29 U.S.C. § 215(a)(3).

parties and this Court's previous rulings in connection with this case.

The Hospital hired plaintiff as a file clerk in May 1974. In December 1998, he filed a complaint with the National Labor Relations Board ("NLRB") alleging that the Hospital had threatened to monitor his job performance closely due to his union activities. Following the filing of this complaint, plaintiff received disciplinary notices for threatening his coworkers, being argumentative, disorderly conduct, failure to supervise, and failure to follow directives. In May 2002, a patient of Dr. George Rettagliata complained to plaintiff's supervisors about his unprofessional manner.

On September 19, 2001, the administrative law judge at the NLRB ruled in plaintiff's favor. Thereafter, in November 2001, plaintiff was placed on probation by the Hospital, and on July 25, 2002, he was terminated. Plaintiff filed a second complaint with the NLRB alleging that he was terminated in retaliation for filing his previous complaint. The NLRB dismissed the complaint, concluding that the termination was due to plaintiff's unsatisfactory job performance.

On July 25, 2004, plaintiff commenced his action against the Hospital. I granted summary judgment in favor of the defendant

on June 19, 2005 and judgement was entered on June 24, 2005.[2] Plaintiff himself filed the present motion by letter on July 13, 2005 and I instructed the parties to show cause on July 28, 2005 why the relief requested by the plaintiff should not be granted.

Defendant filed an opposition brief on July 25, 2005. Plaintiff's counsel responded by letter on July 27, 2005, stating that they continued to represent the plaintiff.  The letter explained that plaintiff's counsel discussed the summary judgment ruling with the plaintiff shortly after it was issued and that plaintiff, at that time, was under the "mistaken assumption" that the June 19 decision granted him leave to amend the original complaint.  During that conversation, they told plaintiff that they would need to review the decision before they could furnish legal advice.  According to plaintiff's counsel, the plaintiff then "took matters into his own hands," without assistance or knowledge of counsel, and filed this motion for reconsideration. According to the letter, plaintiff's counsel subsequently contacted plaintiff and explained the "ramifications of filing such a request" and scheduled an appointment to explore

---

[2] *See Rohlehr v. Brookdale Univ. Hosp. and Med. Cent.*, 390 F.Supp.2d 207 (E.D.N.Y. 2005).  In sum, I found the following: (1) plaintiff's claim under New York Labor Law § 740 failed to allege that the Hospital violated any rule designed to protect public health or safety, as required; (2) plaintiff's claim that he was terminated in violation of the employee handbook was waived due to his asserting an action under § 740, and, in addition, no contractual right to employment was created by that handbook; (3) plaintiff's Fair Labor Standards Act claim failed to allege that the Hospital retaliated for filing complaints under the Fair Labor Standards Act, as required; and (4) plaintiff's New York public policy claim failed since New York does not recognize a common law cause of action for abusive discharge.

alternative legal solutions. No further updates from plaintiff or his counsel nor any briefing papers on the motion for reconsideration have been received.[3]

**Discussion**

Though plaintiff does not state the rule of proceedure under which he brings his motion for reconsideration, such a motion may be brought under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b).[4]

1) Rule 59(e)[5]

While some courts hold that a Rule 59(e) motion to alter or amend the judgment can be brought only after a trial, "[m]ost courts, however, including those in this circuit, allow a motion to amend a grant of summary judgment to be brought under Rule 59(e)." *Patel v. Lutheran Med. Cent., Inc.*, 775 F.Supp. 592, 596

---

[3] By letter dated March 8, 2006, defendant informed me that they had been served with another motion for reconsideration, apparently sometime in early 2006. That second motion for reconsideration was never filed with the Court and no ruling on that motion can be made.

[4] Local Rule 6.3 also provides a means to move for reconsideration, stating that a motion for reconsideration shall be served within ten days after entry of judgment and shall be accompanied by "memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." However, since "[c]ourts in this District review motions pursuant to Local Rule 6.3 under the same standards applicable to motions pursuant to Federal Rule of Civil Procedure 59(e)," there is no need to review its application separately. *In re Salomon Analyst Level 3 Litigation,* 373 F.Supp.2d 248, 250 (S.D.N.Y. 2005).

[5] In relevant part, Rule 59(e) reads: "Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).

(E.D.N.Y. 1991) (citing cases).

Rule 59(e) requires that the motion "be served not later than 10 days after entry of the judgment." In this case, judgement was entered on June 24. Even excluding weekends and the July 4 holiday from the count, the latest the motion could have been filed was July 11. Plaintiff filed this motion on July 13. Accordingly, it is untimely under Rule 59(e).

However, even if this motion under Rule 59(e) was not time-barred or the delay was excused, it would fail on the merits. Rule 59(e) "does not prescribe specific grounds for granting a motion to alter or amend an otherwise final judgment," *Munafo v. Metropolitan Transp. Authority*, 381 F.3d 99, 105 (2d Cir. 2004), and "district courts may alter or amend a judgment to correct a clear error of law or prevent manifest injustice." *Id.* (internal citations and quotations omitted); *see also Wood v. F.B.I.*, 432 F.3d 78, 85 n.4 (2d Cir. 2005) (affirming denial of Rule 59(e) motion where "district court did not commit error or a manifest injustice"). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The only justification put forth by plaintiff is that after oral arguments

on the summary judgment motion he was unable to speak with his attorneys and was unaware of this Court's decision until he visited the court in July 2005. While that fact may excuse his delay in filing the motion, plaintiff's letter provides no facts or law which would alter my previous decision in this matter. Accordingly, reconsideration under Rule 59(e) is denied. *See Morse v. U.S.,* 1996 WL 288476, at *2 (E.D.N.Y. 1996).

2. Rule 60(b)

Under Rule 60(b), a party may move for relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). As stated above, nothing in plaintiff's letter provides any grounds on which to reconsider my previous decision. Plaintiff has alleged no mistake, new evidence, misconduct or any other any other justification for reconsidering my previous decision. Accordingly, reconsideration under Rule 60(b) is denied.

*Motion to Amend Complaint*

Under Federal Rule of Civil Procedure 15(a), requests to amend a complaint should "be freely given when justice so requires." However, "[w]hen the moving party has had an opportunity to assert [an] amendment [to the complaint] earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly." *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld,* 921 F.2d 409, 418 (2d Cir. 1990).

In the present case, plaintiff's request to amend his complaint is untimely, filed almost two months after the motion for summary judgment was argued and two years after the original complaint was filed, with no explanation for the delay. In addition, the defendant long ago completed discovery (Docket # 15) and an amendment to the complaint would prejudice them. *See Johnson v. Goord,* 2006 WL 2990029, at *15 (S.D.N.Y. 2006) (where discovery had "long since been completed" completed, motion to amend denied since "[d]efendants will be plainly prejudiced by being required to defend against a new claim when discovery has already concluded") (citing cases). As defendant points out, the motion also fails to state how or why the plaintiff wants to amend the complaint.[6] Plaintiff still has not provided any

---

[6] Plaintiff's letter simply asks to "permit an amendment to the original complaint 29 U.S.C. s 215(a)(3)."

explanation concerning his amendment in the year and a half since this motion was filed. In such circumstances, justice does not require that the plaintiff be permitted to amend the complaint and, accordingly, the motion is denied. *See Cartier, Inc. v. Four Star Jewelry Creations, Inc.,* 2004 WL 169746, at *4 (S.D.N.Y. 2004).

## Conclusion

For the reasons stated herein, plaintiff's motions are denied. The clerk is directed to transmit a copy of the within to all parties.

SO ORDERED.

Dated : Brooklyn, New York
January 26, 2007

By: /s/ Charles P. Sifton (electronically signed)
United States District Judge